**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cedric Jordan, | ) No. CV 09-1013-PHX-DGC (ECV) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Charles Ryan, et al., | ) |
| Defendants. | ) |

Plaintiff Cedric Jordan, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On June 5, 2009, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint with leave to amend. On July 7, 2009, Plaintiff filed a First Amended Complaint (Doc. #6). The Court will order Defendants Sambora, Ryan, Carrillo, White, Deepe, Bilderback, and Rabb to answer Counts I and II of the Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

## I.      Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## II. Amended Complaint

Plaintiff names the following Defendants in the Amended Complaint: Arizona Department of Corrections Director Charles Ryan, Deputy Warden Delena Carrillo, Complex Warden William White, Sergeant Deepe, Correctional Officer II Beilderback, Correctional Officer II Rabb, Correctional Officer II A. Sambora, Correctional Officer II Buchanan, Correctional Officer II Lacy, Correctional Officer II Flowers, Correctional Officer II Coberg, Correctional Officer IV Zaborsky, Sergeant Salak, and Correctional Officer II Garibay.

Plaintiff raises three grounds for relief in the Amended Complaint:

(1)     Plaintiff's Eighth Amendment rights were violated when Defendants Sambora, Ryan, Carrillo, White, and Deepe failed to protect him from food tampering

by other inmates even though they were aware of previous incidents of food tampering and threats to Plaintiff's safety;

(2)     Plaintiff's First Amendment rights were violated when Defendants Bilderback and Rabb retaliated against him for filing lawsuits by denying him showers and recreation and by withholding food; and

(3)     Plaintiff's Fourteenth Amendment due process rights were violated when numerous Defendants wrongly accused him of disciplinary violations and denied him due process in disciplinary proceedings.

Plaintiff seeks money damages and injunctive relief.

## III.     Failure to State a Claim

In analyzing a due process claim, the Court must first decide whether Plaintiff was entitled to any process, and if so, whether he was denied any constitutionally required procedural safeguard. Liberty interests which entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal citations omitted). Therefore, to determine whether an inmate is entitled to the procedural protections afforded by the Due Process Clause, the Court must look to the particular restrictions imposed and ask whether they "'present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.'" Mujahid v. Meyer, 59 F.3d 931, 932 (9th Cir. 1995) (quoting Sandin, 515 U.S. at 486).

To determine whether the sanctions are atypical and a significant hardship, courts look to prisoner's conditions of confinement, the duration of the sanction, and whether the sanction will affect the duration of the prisoner's sentence. See Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996). "Atypicality" requires not merely an empirical comparison, but turns on the importance of the right taken away from the prisoner. See Carlo v. City of Chino, 105 F.3d 493, 499 (9th Cir. 1997). See Sandin, 515 U.S. at 472 (30 days'

disciplinary segregation is not atypical and significant); <u>Torres v. Fauver</u>, 292 F.3d 141, 151 (3d Cir. 2002) (four months in administrative segregation is not atypical and significant); <u>Jacks v. Crabtree</u>, 114 F.3d 983 (9th Cir. 1997) (denial of year sentence reduction is not an atypical and significant hardship); <u>Jones v. Baker</u>, 155 F.3d 810 (6th Cir. 1998) (two and one-half years of administrative segregation is not atypical and significant); <u>Griffin v. Vaughn</u>, 112 F.3d 703, 706-708 (3d Cir.1997) (fifteen months' administrative segregation is not atypical and significant); <u>Beverati v. Smith</u>, 120 F.3d 500, 504 (4th Cir. 1997) (six months of confinement in especially disgusting conditions that were "more burdensome than those imposed on the general prison population were not "atypical . . . in relation to the ordinary incidents of prison life.").

In Count III, Plaintiff alleges that his due process rights were violated on multiple occasions when Defendants charged him with false disciplinary violations or denied him due process during disciplinary proceedings. Plaintiff does not allege what sanctions he suffered, if any, as a result of the due process denials. Plaintiff states only that some of the charges could result in Plaintiff's loss of good time credits. Plaintiff has failed to allege that he suffered atypical or significant hardships as a result of being denied due process and has therefore failed to state claim.

Further, if judgment in favor Plaintiff regarding the denial of due process in a prison disciplinary proceeding would invalidate the deprivation of good time credits, the claim is barred under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), unless Plaintiff can show that the disciplinary conviction has been overturned. <u>See</u> <u>Edwards v. Balisok</u>, 520 U.S. 641, 648, (1997). To the extent that Plaintiff has lost good time credits, he has not demonstrated that his disciplinary convictions have been overturned. His claims are therefore barred by <u>Heck</u>.

**IV.    Claims for Which an Answer Will be Required**

Liberally construed, Plaintiff's allegations in Counts I and II adequately state a claim and the Court will require Defendants Sambora, Ryan, Carrillo, White, Deepe, Bilderback, and Rabb to answer those claims.

## V. Motion

Plaintiff has also filed a Motion to Expedite Service of the Complaint. Although the Court will order service of the Complaint, the Court does not find expedited service necessary and will deny the Motion.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Motion to Expedite (Doc. #7) is **denied**.

(2)     Count III of the Amended Complaint and Defendants Buchanan, Lacy, Flowers, Coberg, Zaborsky, Salak, and Garibay are **dismissed** without prejudice.

(3)     Defendants Sambora, Ryan, Carrillo, White, Deepe, Bilderback, and Rabb must answer Counts I and II of the Amended Complaint.

(4)     The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. #6), this Order, and both summons and request for waiver forms for Defendants Sambora, Ryan, Carrillo, White, Deepe, Bilderback, and Rabb.

(5)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(7)     The United States Marshal must retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(8)     The United States Marshal must notify Defendants Sambora, Ryan, Carrillo, White, Deepe, Bilderback, and Rabb of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure . The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)     personally serve copies of the Summons, Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9)   **A Defendant who agrees to waive service of the Summons and Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10)   Defendants Sambora, Ryan, Carrillo, White, Deepe, Bilderback, and Rabb must answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11)   Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(12)   This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 24th day of September, 2009.

_David G. Campbell_

_____
David G. Campbell
United States District Judge