|   |   |   |
|---|---|---|
| 1 | | **JWB** |
| 2 | **WO** | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Cedric Jordan, ) No. CV 09-1013-PHX-DGC (ECV)
)
    Plaintiff, ) **ORDER**
)
vs. )
)
Charles Ryan, et al., )
)
    Defendants. )
)

Plaintiff Cedric Jordan brought this civil rights action under 42 U.S.C. § 1983 against various Arizona Department of Corrections (ADC) officials: ADC Director Charles Ryan; Deputy Warden Delena Carrillo; Complex Warden William White; Sergeant Deepe; and Correctional Officers A. Sambora, Bilderback and Rabb (Doc. # 6 at 1-2).[1] Before the Court is Plaintiff's Motion for Summary Judgment and Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. ## 25, 30). The motion to strike is fully briefed (Doc. ## 32-33). The Court will deny both motions.

**I.    Background and Pending Motions**

Plaintiff filed this action in May 2009. His First Amended Complaint was filed in July 2009. Doc. ## 1, 6. The Court screened Plaintiff's First Amended Complaint and determined that Plaintiff sufficiently stated a claim against Sambora, Ryan, Carrillo, White, and Deepe for threats to safety in violation of the Eighth Amendment (Count I; Doc. # 6 at 7-12). The

---

[1] Upon screening, the Court dismissed Buchanan, Lacy, Flowers, Coberg, Zaborsky, Salak, and Garibay as Defendants (Doc. # 8 at 6).

Court also found that Plaintiff stated a claim against Bilderback and Rabb for retaliation in violation of the First Amendment (Count II; id. at 13-15).[2]

The Court ordered Defendants to respond to the First Amended Complaint (Doc. # 8), and Defendants filed their Answer on December 4, 2009 (Doc. # 17). On January 5, 2010, Plaintiff filed a Motion for Summary Judgment (Doc. # 25). Shortly thereafter, on February 3, 2010, the Court issued a Scheduling Order, which set a discovery deadline of October 7, 2010, and a dispositive-motions deadline of December 7, 2010 (Doc. # 31).

In support of his summary judgment motion, Plaintiff submitted his unsworn declaration and a copy of the First Amended Complaint in this action (Doc. # 25, Attachs.).

In lieu of a response, Defendants moved to strike Plaintiff's summary judgment motion on the grounds that Plaintiff's Statement of Facts does not comply with the Local Rules of Civil Procedure and the summary judgment motion is premature because they have not had time to engage in discovery (Doc. # 30). In the alternative, Defendants requested an extension of time to respond to Plaintiff's motion after discovery is completed (id.).

Plaintiff opposed the Motion to Strike and maintained that his summary judgment motion is sufficient and not premature. He claimed that the Motion to Strike is a delay tactic (Doc. #16). Defendants deny that they are trying to stall the case (Doc. #17). They again argue that Plaintiff's Statement of Facts is deficient and that incomplete discovery makes the motion premature (id.).

**II.   Analysis**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Under summary judgment practice, the movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, that it

---

[2]The Court dismissed Count III for failure to state a claim (Doc. # 8).

believes demonstrate the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323. Summary judgment should not be entered where relevant evidence remains to be discovered. See Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988).

In light of the virtually non-existent evidentiary record, summary judgment at this stage would be premature. No discovery has taken place, and it is plain from the Court's review of Plaintiff's motion that his claims have not been thoroughly developed. The Court will therefore deny Plaintiff's Motion for Summary Judgment without prejudice to refiling after discovery has occurred. Defendants' Motion to Strike will be denied as moot.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for Summary Judgment (Doc. # 25) and Defendants' Motion to Strike (Doc. # 30).

(2) Plaintiff's Motion for Summary Judgment (Doc. # 25) is **denied** without prejudice.

(3) Defendants' Motion to Strike (Doc. # 30) is **denied** as moot.

DATED this 19th day of April, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge